Marjorie ROGATZ and Peter
Rogatz, Plaintiffs,

v.

HOSPITAL GENERAL SAN CARLOS,
INC. and Corporación Insular de
Seguros, Defendants.

Civ. No. 79–1526.

United States District Court,
D. Puerto Rico.

Feb. 9, 1980.

Harvey B. Nachman, Santurce, P. R., for
plaintiffs.

Pedro J. Córdova, San Juan, P. R., for defendants.

## OPINION AND ORDER

TORRUELLA, District Judge.

This is an action for money damages for personal injuries sustained by one of the plaintiffs when she was a visitor at the Hospital General San Carlos. Jurisdiction is invoked pursuant to 28 U.S.C. Section 1332 and the Puerto Rico direct action statute, 26 P.R.Laws Ann. Sections 2001, 2003.

The accident subject of this suit occurred on August 14, 1978. The original complaint was filed only against the Hospital on July 5, 1979. Thereafter, on August 23, 1979 an amended complaint was filed including the insurance company as a co-defendant and alleging liability pursuant to 26 P.R.Laws Ann., Sections 2001 and 2003.

The case is now before us on co-defendant, Corporación Insular de Seguros' motion to dismiss. Corporación alleges that the one year statute of limitations governing suits brought under 31 P.R.Laws Ann. Section 5141[1] is applicable to plaintiffs' action against it under Sections 2001 and 2003 and thus the action is untimely. Conversely, plaintiffs argue that the statute of limitations as to the insurer was interrupted by the filing of the original complaint against the insured.

The applicability of the one-year statute of limitations period provided by Section 5141 to suits under Sections 2001 et seq. is not controverted by any of the parties.

■ Without doubt, the legislature intended that the same one year statute of limitations applicable to suits brought under Section 5141 apply to suits under the closely related direct action statute (Sections 2001 et seq.) involving the identical facts in the proof of fault or negligence. *Fraticelli v. St. Paul Fire and Marine Insurance Co.*, 375 F.2d 186 (1st Cir. 1967).

■ Under the direct action statute a person who sustains loss or damage as a result of the fault or negligence of the insured may, at his option, bring suit directly against the insurer which direct action exists by reason of the insurance contract. *Trigo v. Travelers Insurance Co.*, 91 PRR 843 (1965). This statute has been characterized as creating "a separate cause of action" against the insurer. *Ruiz Rodríguez v. Litton Indus. Leasing Corp.*, 574 F.2d 44, 45 (1st Cir. 1978); *Ramos v. Continental Insurance Co*, 493 F.2d 329, 331 (1st Cir. 1974).

Along the same vein, the Supreme Court of Puerto Rico held as follows:

"Since both actions, that which is brought against the insured as well as the one which is filed against the insurance company, have the same origin and since both depend on the same evidence, there is no justification to establish different periods of prescription". *Ruiz Millán v. Maryland Casualty Co.* 101 PRR (1973). The facts of the above cited case are similar to the instant case, and thus merit further discussion.

In *Ruiz Millán*, the original complaint against the municipality was filed on September 18, 1969 alleging the wrongful death of plaintiffs' son. The accident occurred on September 24, 1968. The complaint was dismissed, for plaintiffs' failure to comply with the notification requirements in cases against municipalities and the state government. Thereafter, on July 23, 1970 plaintiffs filed a new complaint against the insurer of the municipality and the Commonwealth of Puerto Rico. This other complaint was also dismissed on the grounds that the cause of action against the insurer was time-barred.

In the instant case, as in *Ruiz Millán*, the original complaint against the insured was filed within a year from the date of injury and thus is timely. However, the amended

---

1. 31 P.R.Laws Ann. reads in pertinent part:
   "The following prescribe in one year:
   "1...
   "2 Actions to demand civil liability ... for obligations arising from the fault or negli-
   gence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof."

complaint was filed more than a year from the date of injury, as was the second complaint in *Ruiz Millán*.

At issue here is whether the amended complaint adding a new defendant relates back to the original complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, so as to place the added defendant in the same position as the original one for statute of limitations purposes.

Federal Rule of Civil Procedure 15(c) permits an amendment adding a party to relate back to the date of the original complaint if three prerequisites are met.[2] (1) the claims against the new party arise out of the same occurrence as the claims in the original pleading, (2) the new party received "notice of the institution of the action" before the limitations period expired, and (3) the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." 6 Wright and Miller, *Federal Practice and Procedure* Section 1498 at 506 (1971).

In the present case, it is clear that the provisions of the first prerequisite of Rule 15(c) have been met. Both the original complaint and the amended complaint set forth claims arising from the said "occurrence"—the August 14, 1978 accident. It is equally clear, however, that the provisions of the second and third prerequisites of Rule 15(c) have not been satisfied in this case.

■ As to the second prerequisite, the record is completely devoid of any evidence indicating that the added defendant received actual or constructive notice before the statute of limitations had run. We are aware, of course, that under certain circum-

stances general notice requirements can be satisfied if interests between the original party and the added party are so similar and so identical that the institution of the action and the service upon the original party can be held as constructive notice of the action to the added party after the limitations period expired. But this principle cannot be applied indiscriminately. The similarity or identity of interest theory is mainly and principally applied where the original and added parties are a parent corporation and its wholly owned subsidiary, or related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate. *Hernández Jiménez v. Calero Toledo*, 604 F.2d 99, 102–03.* Such is not the relation between the original and added party herein. The interests between insured and insurer, far from being identical, are sometimes antagonistic. Permitting the amendment would result in clear prejudice to the added party by depriving it of the statute of limitations defense which, in the absence of proper notice under Rule 15(c)(1), is a complete bar to the action against it.

■ Furthermore, the amendment fails to satisfy the third prerequisite that the added party knew or should have known that, but for a mistake concerning his identity, plaintiffs' action would have been brought against him. This is not a case involving a misnomer of defendant which Rule 15(c) was envisioned to correct. Rule 15(c)(2) permits an amendment to relate back where there has been an error made concerning the identity of the proper party

---

2. *Fed.R.Civ.P. 15(c) reads:*

Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against him.

\* 1st Cir., 1979.

and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where as here, there is lack of knowledge of the proper party. *Sassi v. Breier,* 584 F.2d 234, 236 (7th Cir. 1978).

Moreover, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him. *Wood v. Worachek,* 618 F.2d 1225, 1230 (7th Cir. 1980). The record in the present case clearly indicates that there was no mistake as to the identity of the proper party, but quite to the contrary, had plaintiffs exercised due diligence they could have readily obtained information as to the identity of the additional party within the limitation period.

Even if it could be said that the added party knew of the institution of original action, which is not the case, we have that said party could very well have believed that it was not named as a party in the original complaint for tactical reasons.

We conclude that the amended complaint herein does not relate back to the filing of the original complaint. Consequently, the cause of action as to the added defendant, the insurer, is barred by the statute of limitations and is subject to dismissal.

IN VIEW OF THE FOREGOING, the amended complaint is dismissed. The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.