Gloria SANTIAGO–RIVERA, Plaintiff,

v.

**ROYAL INSURANCE COMPANY OF PUERTO RICO, Defendant.**

Civ. 84–2623CC.

United States District Court,
D. Puerto Rico.

June 20, 1985.

David Rivé-Rivera, Vargas & Rive, Hato Rey, P.R., for plaintiff.

José E. Alfaro-Delgado, Arias Cestero & Arias Guardiola, Santurce, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

This is a personal injury action brought pursuant to the diversity of citizenship grant of jurisdiction. Plaintiff alleges in the complaint filed on October 19, 1984 that "[o]n or about February, 1983" she fell while in a building owned by Miguel, Alicia and Edwin Francisco, the alleged heirs of Miguel Francisco, who had insurance for this type of risk with the Royal Insurance Company of Puerto Rico. It is a direct action against the Royal Insurance Company of Puerto Rico as sole defendant pursuant to Puerto Rico's direct action statute. *P.R.Laws Ann.*, Title 26 Section 2003(1). Defendant seeks dismissal urging that the action is time barred for it was filed well after the one-year period "from the time the aggrieved person had knowledge thereof" as provided by *P.R.Laws Ann.*, Title 31 Section 5298. Plaintiff contends that a previous suit, Civil 83–2404, filed in this court against the heirs of Miguel Francisco and against an unknown insurance company

tolled the statute of limitations. Defendant claims that since the earlier action was dismissed because it was filed against a non-suable entity, the statute of limitations was not tolled against the heirs of Miguel Francisco and since the action against them is time barred there can be no action against the insurance company. The action against the insurer is time barred although for different reasons. To understand why the action against Royal Insurance Company of Puerto Rico is also barred we must first review the pleadings and proceedings in Civil 83–2404.

The first lawsuit was based on exactly the same facts set forth in the complaint before us but the defendant was identified only as "Sucesión Miguel Francisco." A brief reference was made to an "X Insurance Company" as codefendant although no mention was made of it in the caption of the case, the civil cover sheet accompanying the complaint or in any other filing prior to dismissal. That complaint was dismissed on December 14, 1983 "for failure to state a claim against a suable entity." A Motion to Reconsider Judgment was denied on January 18, 1984. Plaintiff appealed. Dismissal judgment was affirmed on October 3, 1984. On May 17, 1984, while her appeal was pending, plaintiff filed a Motion for Relief Pursuant to Rule 60 apparently addressed to the appellate court, indicating that she had found out the names of the members of the estate and of the "two insurance company, one of which is Royal or Travelers Insurance Company" and requesting permission to file an amended complaint with the correct defendants so as to moot the appeal.[1] On May 25, 1984 she filed a motion, this time directed to the district court, for leave to file an amended complaint with the names of the members of Sucesión Miguel Francisco and of "X" insurance company. Plaintiff was told in a footnote order that this court did

not have jurisdiction to entertain such a motion because the appeal was still pending. Our Circuit had before it the proposed amended complaint. It noted that plaintiff did not submit an amended complaint with her motion for reconsideration and, thus, continued to fail to bring suit against a suable entity. It found "unpersuasive" the argument that the district court should have granted her leave to amend the complaint.

After reviewing Civil 83–2404 we are convinced that plaintiff views the present action as a continuation of her previous one.

Plaintiff's arguments rest on principles from Puerto Rico's Spanish-derived law of prescription. As both parties admit, since this is a diversity case and the question of time limitations is one of substantive law, we must turn to the laws of Puerto Rico. *Santiago v. Becton Dickinson & Co., S.A.*, 539 F.Supp. 1149, 1151 (DPR 1982). The one-year statute of limitations for personal injury claims is applicable to direct actions against the insurer. *Ruiz-Millán v. Maryland Casualty Co.*, Vol. 1, Official Translations of the Opinions of the Supreme Court of Puerto Rico, p. 343, 101 DPR 249 (1973). This period may be tolled by filing the action in court, by making an extrajudicial claim, and by any act of acknowledgment of the debt by the debtor. *P.R.Laws Ann.*, Title 31 Section 5303. When the limitations period is interrupted, it starts running anew once the interruption ceases. *De Jesús-Martínez v. Chardón*, 0–84–533, opinion of March 19, 1985 Supreme Court of Puerto Rico, 85 JTS 20 at p. 3901, n. 7. The countdown on the interruption resulting from the filing of a lawsuit starts on the day the complaint is filed and not when the defendant is actually summoned. It interrupts the limitations period for the entire duration of the case, regardless of its outcome, i.e. dismissal for

---

**1.** This is the most we can decipher from plaintiff's motion which states in part:

Leave in (sic) requested of this Honorable Court to file, pursuant to Rule 60(b)(2) and/or the amended complaint. Because the U.S. District Court at San Juan, would not

accept it, the filing of this motion is (and was) made in Good Faith and with the request that the Court on the U.S. District Court at San Juan make the appropriate disposition of this motion.

lack of subject matter or personal jurisdiction.[2] *De Jesús-Martínez,* 85 JTS 20 at p. 3898 and p. 3900, n. 4; *Durán-Cepeda v. Morales-Lebrón,* 112 DPR 623 (1982) (Official Translation pending publication) *and cases cited at p. 625).* Based on these principles, plaintiff concludes that Civil 83–2404 interrupted the statute of limitations as to the unknown insurance company which turned out to be Royal Insurance Company of Puerto Rico for, although the action was dismissed, it was filed within the one-year period. Plaintiff's reasoning ignores the relevant procedural data of Civil 83–2404 and the separateness of the present action.

■ Defendant's reliance on several older cases which held that if there was no cause of action against the insured there was no possible claim against the insurer is misplaced, given the separate nature of the action against the insurer provided by section 2003(1) and *see e.g.: Trigo v. The Travelers Ins. Co.,* 91 PRR 843 (1965). However, its position that the complaint in Civil 83–2404 did not toll the statute of limitations is correct. The present action against the insurer is time barred not because the action against the insured is barred but because the complaint in Civil 83–2404 was never properly made against the Royal Insurance Company of Puerto Rico. The civil law principles of prescription found in sections 5291 through 5305 are not called into play in this situation. The problem here finds its answer in Puerto Rico's procedural mechanism of John Doe defendants rather than in Spanish and French treatises on prescription matters. Although the rules of civil procedure of Puerto Rico allow relation back of an amendment to substitute a John Doe defendant under certain conditions, so that the date of filing of the original complaint is considered as the date on which the statute of limitations was tolled, see: *Santiago,* 539 F.Supp. at 1152–

1155, *and cases there cited,* no such amendment was ever authorized in Civil 83–2404. Since plaintiff failed to follow through with the unknown defendant mechanism, the action against X Insurance was never converted into one against the Royal Insurance Company of Puerto Rico at any time so as to enable plaintiffs to avail themselves of the interruption by judicial action provided in Title 31, section 5303 through the retroactive effect of a properly made John Doe substitution. *See: P.R. Laws Ann.,* Title 32 Ap. III R. 13.3 and 13.4; *Ortiz v. Municipal Government of Ponce,* 94 PRR 449, 454–56 (1967); *cf.: Rogatz v. Hospital General San Carlos,* 89 F.R.D. 298 (DPR 1980) (relation back effect of amendment to bring insurance company after statute of limitations had run in timely action against insured was not permitted under federal rules).

■ A second tier in plaintiff's tolling argument is the contention that the action against Sucesión Miguel Francisco can be considered an interruption against the insurer under section 2003(2). Even assuming for purposes of argument that Sucesión Miguel Francisco, not its members, was the insured and that a complaint which was brought against a non-entity, and which was never amended to include the proper party could be considered an interruption, the position adopted by plaintiff was expressly rejected in *Ramos v. Continental Insurance Company,* 493 F.2d 329, 333 (1st Cir.1974). The Court there discussed section 2003(2) which provides that a plaintiff may bring suit against the insured alone and recover from the insurer after securing final judgment against the insured. It concluded that the cause of action against the insurer in *Ramos* was based not upon a recently acquired judgment in plaintiff's favor but upon the accident itself after a prior unsuccessful suit against the insured. The same reasoning

---

**2.** In *De Jesús-Martínez,* the Supreme Court of Puerto Rico ruled that, if the action is filed by one who does not possess the right claimed, no interruption results from the judicial action. It would be interesting to analyze what happens if the claim is filed against the incorrect party or,

as in Civil 83–2404, when the complaint is filed against a non-existent entity and is never corrected by amendment. Can this be considered the interruption by a judicial claim referred to in section 5303? *See: Fuentes v. District Court,* 73 PRR 893 (1952).

applies to the situation before us in distinguishing this section of the Insurance Code for our case is not one of subrogation after obtaining judgment against the insured. It is based on the 1983 accident itself. In *Ruiz-Millán v. Maryland Casualty Co.*, 1, Official Translations, 343, an action for personal injuries was filed within the one-year period of limitations against a municipality only and was dismissed for failure to comply with a special notice requirement for claims against municipalities. Plaintiffs then filed another action against the municipality's insurer. Despite the prior timely action against the insured municipality and the fact that the second action was filed within a new one-year period had the first action been considered an interruption as to the insurer, the Supreme Court affirmed the lower court's dismissal of the second action against the insurance company. It held that since the action against the insured and the direct action against the insurer had the same origin and depended upon the same proof, the statute of limitations was the same for both. *Cf.: Rogatz*, 89 F.R.D. 298. (In considering that only if the amendment to join the insurer was given a relation-back effect could the original timely action's tolling effect benefit plaintiff against the insurer, the court assumed that the original complaint against the insured did not toll the action against the insurer.) There is no reason to reach a different conclusion in the present case given our finding that the prior action, Civil 83–2404, was never one against the Royal Insurance Company of Puerto Rico. There being no other allegations as to interruptions of the limitations period through other means, the complaint is hereby DISMISSED as time barred. Judgment shall be entered accordingly.

SO ORDERED.