**Larry MITCHELL, Plaintiff,**

v.

**CFC FINANCIAL LLC, Defendant.**

No. 05C0025.

United States District Court,
E.D. Wisconsin.

Aug. 22, 2005.

Alexander H. Burke, Daniel A. Edelman, Edelman Combs Latturner & Goodwin LLC, Chicago, IL, for Plaintiff.

Carlos A. Ortiz, David J. Hanus, Hinshaw & Culbertson LLP, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

Plaintiff Larry Mitchell brought this class action alleging that defendant CFC Financial, LLC ("CFC"), a Delaware limited liability company, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by sending him a form debt collection letter that threatened to disclose personal information to third parties. Pursuant to Fed.R.Civ.P. 15(a), plaintiff now moves to amend the complaint to change defendant's name to Asset Acceptance LLC ("Asset"). Pursuant to Fed.R.Civ.P. 15(c), plaintiff also asks me to find that the amendment relates back to the date of the original complaint.

## I. FACTS

On March 24, 2004, CFC sent plaintiff the letter in question. Subsequently, CFC merged with Asset. On December 27, 2004, the CFC/Asset merger was recorded in the office of the Delaware Secretary of State, and it became effective on December 31. On January 6, 2005, plaintiff's attorney, Daniel A. Edelman, searched the online Lexis database "Combined Corporation and Limited Partnership Information" in order to ensure that CFC's legal status had not changed since March 24, 2004. The database included the public records for Illinois, Arizona, Florida, Michigan, Ohio and Nevada in which states CFC and Asset had offices, as well as

all other states except Delaware and New Jersey. The database did not reflect the merger but listed CFC as a separate entity with David M. Schultz, a lawyer with Hinshaw & Culbertson LLP, as its registered agent. At the time, Schultz was also Asset's registered agent. Apparently, neither Asset nor CFC notified some or all of the jurisdictions in which they had offices of the merger until some months after it occurred. For example, CFC did not withdraw its separate listing in Illinois until March 1, 2005.

On January 11, 2005, plaintiff filed his complaint in the present case. On January 20, 2005, Schultz accepted service on behalf of CFC. On February 22, 2005, CFC filed an answer and certificate of interest and did not disclose in either document that it had merged with Asset. On March 24, 2005, Asset filed a statement with the Securities and Exchange Commission, which caused plaintiff to become aware that CFC had merged with Asset. On March 24, 2005, the one-year statute of limitations on plaintiff's FDCPA claim expired. On June 14, 2005, plaintiff moved to amend his complaint to change CFC's name to Asset. On July 11, 2005, CFC moved to amend its certificate of interest to reflect the merger with Asset.

## II. DISCUSSION

Normally, a plaintiff cannot amend a complaint to bring in a new defendant after the statute of limitations applicable to the new defendant has run. However, in certain circumstances such an amendment will be allowed to "relate back" to the date the original complaint was filed, thus avoiding the bar of the statute of limitations. *See* Fed.R.Civ.P. 15(c); *see also* Rebecca S. Engrav, *Relation Back of Amendments Naming Previously Unnamed Defendants Under Federal Rule of Civil Procedure 15(c)*, 89 Cal. L.Rev. 1549 (2001). The purpose of the relation back concept is to permit a claim to be tried on its merits rather than being dismissed based on a technicality so long as the purpose underlying the statute of limitations has been satisfied. James Wm. Moore, *Moore's Federal Practice* § 15.19(3)(a) (3d ed.2005). The primary purpose of statutes of limitation is to ensure that defendants have

notice of an action against them before evidence has been lost or becomes unavailable and with enough time to prepare an adequate defense. Engrav, *supra,* at 1573. Thus, if a party has been notified of litigation involving a specific factual occurrence, it has received the protection that the statute of limitations requires. *See, e.g., Williams v. U.S. Postal Serv.,* 873 F.2d 1069, 1073 (7th Cir.1989). Under such circumstances, courts should freely grant leave to amend. *Woods v. Ind. Univ.—Purdue Univ. at Indianapolis,* 996 F.2d 880, 883 (7th Cir.1993) (stating that courts should attempt to avoid permitting defendants to rely on technical defects to avoid litigation).

To obtain the benefits of relation back when a party's name is changed or a new party named, the amended pleading must satisfy the elements of Rule 15(c)(3). First, the claim asserted in the amended pleading must arise from the same transaction or occurrence as did the original claim as provided in Rule 15(c)(2). In the present case, it is undisputed that plaintiff's amended pleading satisfies this requirement.

■■■ Second, the party to be added must have received notice of the institution of the action within 120 days of the filing of the initial complaint so that it is not prejudiced in maintaining a defense on the merits. Fed. R.Civ.P. 15(c)(3)(A). Such notice may either be formal or informal. Notice is sufficient if the newly named party was made aware of the issues in the complaint. *Woods,* 996 F.2d at 888. A court may find it reasonable to impute notice provided to the original party to the new defendant if there is a sufficient identity of interest between them. Identity of interest may be present, for example, when original and new corporate defendants are subsidiary and parent, or have substantially identical officers, directors or shareholders, or share legal counsel and counsel is likely to have communicated to the new defendant that it may be joined in the action. *See, e.g., Norton v. Int'l Harvester Co.,* 627 F.2d 18, 21 (7th Cir.1980); *see also Singletary v. Pa. Dep't of Corrs.,* 266 F.3d 186, 195–200 (3d Cir.2001); *Hensley v. Soo–Line R.R. Co.,* 777 F.Supp. 1421, 1424 (N.D.Ill.1991). In the present case, I impute to Asset the notice that plaintiff provided to CFC because, as the result of the merger, CFC and Asset had an identical interest. They had in fact become a single corporation.

Third, the proponent of the amended pleading must establish within the 120–day period the new defendant knew or should have known that it would have been named in the original pleading but for some mistake in identification. Fed.R.Civ.P. 15(c)(3)(B). The rationale behind this requirement is that a party should not be barred from bringing a legitimate legal claim because it mistakenly identified the party to be sued. *See, e.g., Hill v. Shelander,* 924 F.2d 1370, 1374–75 (7th Cir.1991).

"Mistake" cases fall into three broad categories, the first of which involves true misnomers. Here, the plaintiff seeks to amend to correct a mistake in naming a defendant already before the court as, for example, where a plaintiff misstates the name of a corporation. Engrav, *supra,* at 1564. Courts consistently allow relation back when plaintiffs make mistakes of this type because the correct defendant is already before the court, is aware that it is being sued, and will suffer no prejudice from the amendment. *See, e.g., Pineda v. Almacenes Pitusa, Inc.,* 982 F.Supp. 88, 90–91, 98 (D.Puerto Rico 1997).

The second category of mistake cases involves mistaken identity. In such cases, the plaintiff seeks to amend to substitute a new defendant to correct its failure to name the legally responsible entity. Most courts allow relation back in such cases. For example, in *G.F. Co. v. Pan Ocean Shipping Co.,* 23 F.3d 1498 (9th Cir.1994), the plaintiff had ordered goods to be shipped from Taiwan to the United States. The goods arrived damaged, and the plaintiff brought suit against various parties, including the entity that it thought owned the boat, Panobulk America, Inc. As it turned out, Panobulk was just the claims agent and another company owned the boat. The Ninth Circuit upheld the district court's grant of leave for the plaintiff to amend to substitute the shipping company itself as the defendant. The court held that the plaintiff's "mistake" was in believing that the claims agent, rather than the shipping company, "owned, operated, and controlled" the boat. *Id.* at 1504 (explaining that the complaint,

which erroneously asserted that the claims agent owned the boat, gave the defendants notice that the plaintiff had made a mistake); Engrav, *supra*, at 1565.

The third category of mistake cases involves situations where the plaintiff lacks knowledge of a correct defendant's identity at the outset of the litigation, either because the plaintiff had no idea that the new defendant existed or knew that it existed but did not know its name and therefore sued a John Doe. Engrav, *supra*, at 1568. Most courts do not allow relation back in such situations, holding that in either case the plaintiff has not made a mistake as required by Rule 15(c)(3)(B). *Id.* Courts tend to conclude that being unaware, for whatever reason, that another potential defendant exists is not a mistake, but is instead just a lack of knowledge, one that could perhaps be perceived as a tactical choice, and that the rule does not reach such situations. *Id.; see, e.g., Rogatz v. Hosp. Gen. San Carlos, Inc.*, 89 F.R.D. 298, 301 (D.P.R.1980). However, one commentator has persuasively argued that as long as Rule 15(c)'s notice requirements are met, allowing amendments adding defendants or substituting named defendants for Does to relate back would advance the general policy behind the Federal Rules of facilitating decisions on the merits rather than on technicalities as well as the specific policy underlying Rule 15(c)'s relation back provision, that of allowing relation back where the correct defendant was already on notice. Engrav, *supra*, at 1575.

In the present case, plaintiff made a mistake when it named CFC as the defendant instead of Asset. Plaintiff mistakenly believed that CFC remained a legal entity named CFC. As a result of the merger, however, plaintiff's belief was mistaken. The fact that prior to commencing suit plaintiff's counsel researched whether CFC's legal status had changed since March 24, 2004 indicates that plaintiff intended to name CFC as a defendant in the form in which it existed when the suit was commenced and mistakenly concluded that its form and name remained the same.

[redacted] Plaintiff's failure to name Asset as a defendant falls within the first of the three categories of mistakes outlined above, that involving misnomers. This is so because plaintiff brought the correct defendant before the court but mistakenly identified it by its former name (CFC) instead of its current name (Asset). As previously indicated, courts generally allow relation back in misnomer cases because, as here, the correct defendant is before the court, is aware that it is being sued and will suffer no prejudice from the amendment.

Even if I were to treat Asset as a new defendant rather than a mutation of the original defendant, it is reasonable to infer that it knew or should have known that but for his mistake, plaintiff would have named it as a defendant. A corporation created through a merger should reasonably expect that a careful plaintiff who has named one of the merged corporations as a defendant would in the absence of a mistake also name it. Plaintiffs thinking strategically tend to cast broad rather than narrow nets and do not normally name as sole defendants corporations that no longer exist. Asset suggests that it reasonably believed that plaintiff did not name it because it was not involved in collecting plaintiff's debt. However, Asset was the only entity that survived the merger and, as stated, should have expected to be named as a defendant. Asset also argues that it reasonably believed that plaintiff did not name it as a defendant because of a Delaware statute providing that "[a]ny action or proceeding ... pending ... against any corporation which is a party to a merger ... shall be prosecuted as if such merger ... had not taken place ... or the corporation ... resulting from such merger ... may be substituted in such action or proceeding." Del.Code Ann. tit. 8, § 261 (2005). However, this statute was inapplicable because prior to the merger no action or proceeding was pending against CFC. *See, e.g., Lewis v. Anderson*, 477 A.2d 1040, 1048 (Del.1984). Even if it had been applicable, for the reasons I have stated, Asset should reasonably have anticipated being substituted or added as a defendant.

In conclusion, Asset was the intended defendant, it was on notice of the action and it should have known that in the absence of a mistake plaintiff would have named it as a defendant. Asset will be able to prepare a

defense and thus will suffer no prejudice if relation back is allowed. Thus, I will grant plaintiff's motion to amend the complaint to change defendant's name to Asset and his motion to have the amended pleading relate back to the date that he filed the original complaint.

The parties also filed other non-substantive motions, which I will grant. These include defendant's motions to amend its answer and certificate of interest and to file a surreply brief, and plaintiff's motion to more precisely define the class by changing its definition to include individuals who received a notice from CFC "(c) on or after January 11, 2004, and on or before January 31, 2005."

Therefore,

**IT IS ORDERED** that plaintiff's motion to amend the complaint to change the defendant's name to Asset and his motion to have the amended pleading relate back to the date of the original complaint is **GRANTED.**

**IT IS ORDERED** that defendant's motion to amend its answer and certificate of interest is **GRANTED.**

**IT IS ORDERED** that plaintiff's motion to more precisely define the class is **GRANTED.**

**FINALLY, IT IS ORDERED** that defendant's motion to file a surreply brief is **GRANTED.**