Francisco HERNANDEZ JIMENEZ,
Plaintiff, Appellant,

v.

Astol CALERO TOLEDO et al.,
Defendants, Appellees.

No. 78–1478.

United States Court of Appeals,
First Circuit.

Submitted May 11, 1979.
Decided July 27, 1979.

Jesus Hernandez Sanchez, San Juan, P. R., on brief for plaintiff, appellant.

Hector A. Colon Cruz, Sol. Gen., and Reina Colon De Rodriguez, Asst. Sol. Gen., San Juan, P. R., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

At issue is whether the district court erred in finding that neither the federal doctrine of fraudulent concealment nor the rule governing relation back of amended pleadings, Fed.R.Civ.P. 15(c), saves appellant's claims against appellees from being time-barred.

Believing that he had been discharged for political reasons, appellant sued his supervisor and the members of the reviewing commission which upheld the supervisor's decision for violating his civil rights under 42 U.S.C. §§ 1983 and 1985. Appellees, two local politicians, were subsequently added as defendants by an amendment to the complaint alleging that they too had participated in the conspiracy to deprive appellant of his position as a lieutenant in the Puerto Rico police. The relief sought is reinstatement, back pay, compensatory and punitive damages.

After some documentary evidence had been submitted but before trial, the district court dismissed the action. The court ruled that the claims against the original defendants were barred by res judicata, an appeal from the discharge having been dismissed by the Superior Court as untimely, while those against the new defendants were time-barred because the amended complaint had not been filed until after the applicable limitations period had expired. We reviewed these rulings in an earlier appeal where we found that, as to the claims against the original defendants, res judicata was inapplicable but the statute of limitations barred those which arose from appellant's dismissal. The remaining original claims, those stemming from the commission's affirmance of the discharge, were timely, however, and we ruled that the action should proceed as to them. As to the claims against the new defendants, we stated that "it is open to plaintiff to prove if he can [on remand] that these parties fraudulently concealed from plaintiff their participation in the alleged conspiracy to affirm his dismissal" or that "the amended complaint 'relates back' to the original complaint [pursuant to Rule 15(c), Fed.R.Civ.P.] so as to place the added defendants in the same position as the others for statute of limitations purposes." *Hernandez Jimenez v. Calero Toledo*, 576 F.2d 402, 404–05 & n. 3 (1st Cir. 1978) (see this opinion for a more detailed accounting of the facts than is presented here).

On remand, with regard to the claims against the new defendants, the district court instructed the parties to file memoranda, "together with any competent proof, in connection with the question of the date when the statute of limitations began to run as to [appellees]." Appellant complied by submitting, along with a memorandum, two affidavits, one from himself and the other from a friend and member of the police, Alejandro Gonzalez Gonzalez. Appellees submitted three affidavits, not from themselves but from the members of the reviewing commission, along with their memorandum. On the issue of fraudulent concealment, appellant argued below that the applicable limitations period was one year and that, since he had filed his amended complaint within one year of discovering appellees' participation in the conspiracy to affirm his dismissal, his claims against the appellees were timely. On the relation back issue, appellant's argument below is unclear.

■ On the fraudulent concealment issue the district court first noted, correctly, that the relevant statute of limitations was the one year period pursuant to 31 L.P.R.A. 5298, *Rameriz de Arellano v. Alvarez de Choudens*, 575 F.2d 315 (1st Cir. 1978), and that in a continuing conspiracy to violate civil rights, the statute ordinarily runs from the occurrence of each action, *Hernandez Jimenez v. Calero Toledo, supra*, 576 F.2d at 404, *citing Kadar Corp. v. Milbury*, 549 F.2d 230, 234 (1st Cir. 1977). The court went on to hold that appellant failed to establish a case under the federal doctrine of fraudulent concealment because appellant's affidavits were devoid of any indication that appellees concealed their alleged participation

in the conspiracy. With respect to the Rule 15(c) issue, the court ruled, *inter alia*, that the amended complaint did not relate back to the original because appellees had not received notice of the action during the limitations period as is required by Rule 15(c)(1). The court entered judgment for appellees pursuant to Rule 54(b), Fed.R. Civ.P., and this timely appeal, challenging these rulings, followed.[1]

Appellant gives the following three reasons in support of his contention that the district court erred in finding the doctrine of fraudulent concealment inapplicable to appellant's claims against appellees. There is no doubt, according to appellant, that appellees concealed their participation in the conspiracy from him, that appellees knew all along about the commission's affirmance thereof, and that appellant was ignorant of his causes of action against appellees until less than one year from when he filed his amended complaint.

■ ■ The federal doctrine of fraudulent concealment delays the commencement of a limitations period until plaintiff discovers the existence of his cause of action if certain conditions are met. The defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts relating to his wrongdoing and the plaintiff must have failed to discover these facts within the normal limitations period despite his exercise of due diligence. *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977); *Fitzgerald v. Seamans*, 180 U.S.App.D.C. 75, 83, 553 F.2d 220, 228 (1977). In appellant's affidavit, he states that at some time after his discharge, April 17, 1973, but before the filing of the com-

---

1. In a preliminary portion of his appellate brief appellant mentions another issue—that the district court erred by determining the fraudulent concealment and Rule 15(c) issues on the basis of the parties' affidavits, rather than by holding an evidentiary hearing. This issue is not raised in any fashion below. In the memorandum appellant filed with the district court, appellant's single reference to the need for an evidentiary hearing or trial pertains to the merits of his civil rights claims. He did not inform the district court that he desired an evidentiary hearing on his fraudulent concealment and

Rule 15(c) claims. Thus, we review this fourth issue for plain error only, *Johnston v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir. 1979), and find none. The district court was in effect proceeding as if appellees had moved for summary judgment. We see nothing manifestly unjust about this in view of the fact that appellant has never contended, either here or below, that the court misapplied the strictures of Rule 56, Fed.R.Civ.P., in evaluating the parties' affidavits. Appellant has not shown that he was prejudiced by the lack of an evidentiary hearing.

plaint, April 10, 1975, his former supervisor Astol Calero, told appellant that he could not help him gain reinstatement because of pressures exerted by fellow political party members. At some unidentified time subsequent to filing the complaint, appellant avers that he started an investigation and discovered "that the Mayor of Rincon [Amaes] used his position as Mayor and member of the Popular Democratic Party against me and requested from Mr. Calero my dismissal . . . ." We are informed by appellant's brief that this discovery of Amaes' participation in the conspiracy came "by a stroke of luck", i. e., as the affidavit of one Gonzalez relates, by Gonzalez overhearing a conversation of Amaes at a place of business fronting the townsquare of Rincon on a patron Saint's day, toward the end of August, 1975.

▆ On these facts we can find no suggestion that any efforts were made to hide the conspiracy. Indeed, the circumstances surrounding Amaes' overheard statements suggest the opposite of concealment. Nor were there any alleged misrepresentations which could throw appellant off the trail of any inquiry. And, if such may be relevant, cf. Fitzgerald v. Seamans, supra, 180 U.S. App.D.C. at 83, 553 F.2d at 228, there was no suggestion that either a fiduciary relationship or reliance upon an expert was a factor in this case.

We have difficulty also in finding any evidence in the record that appellant exercised due diligence. Although told by his former supervisor that he was subject to political pressures, appellant apparently did nothing for months, until Gonzalez told him about the overheard conversation. Moreover, there are no factual allegations which could lead one to conclude that investiga-

tive efforts would be futile. While the district court did not rely on this ground, we hold that the complete absence of factual allegations indicating either the exercise of due diligence or the futility of such efforts constitutes a separate and independent ground supporting the judgment below.[2]

▆ Federal Rule of Civil Procedure 15(c) permits an amendment adding a party to relate back to the date of the original pleading if three conditions are met: (1) the claims against the new party arise out of the same occurrence as the claims in the original pleading, (2) the new party received "notice of the institution of the action" before the limitations period expired, and (3) the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." 6 Wright & Miller, Federal Practice & Procedure § 1498 at 507 (1971). In the present case the district court ruled that the amended complaint did not relate back because, inter alia, appellant's affidavits failed to indicate that appellees had received notice of the institution of the present action prior to the expiration of the limitations period. See Fed.R.Civ.P. 15(c)(1). Appellant challenges this ruling on the ground that notice to the original defendants served also as notice to appellees because of the identity of interests between these two groups, as members of the same political party. The identity of interests concept, a judicial gloss on Rule 15(c)(1), provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely

---

**2.** The district court did err, however, in inferring from language in our prior opinion, *Hernandez Jimenez*, 576 F.2d at 404, that we had, during the course of that appeal, reviewed appellant's affidavits and found them wanting to establish fraudulent concealment and the applicability of Rule 15(c). We made no mention of any such review in that opinion nor is it correct to assume that, merely because the affidavits were in the record then before us, we reviewed them for that purpose. If we had intended our

prior opinion to include a ruling on the sufficiency of these affidavits for fraudulent concealment and Rule 15(c) purposes, we would have expressly so stated.

The court's error in misreading our prior opinion is harmless, however, because the court made its own independent assessment of appellant's affidavits, based its rulings on these assessments, and, as is indicated by this opinion, appellant has failed to show that these rulings are unsound.

related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced. 6 Wright & Miller, *supra*, § 1499 at 516–17. The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate. 6 Wright & Miller, *supra*, § 1499 at 518–19; 3 Moore's Federal Practice, ¶ 15.15[4.–2] at 15–231 n. 15 (2d ed. 1978).

The identity of interests concept, however, bears only on the requirement of Rule 15(c)(1) that the added party "received such notice of the institution of the action" before the limitations period expired. Therefore, even when this concept applies, an amended pleading will not relate back unless the other two requirements of Rule 15(c) are met. 6 Wright & Miller, *supra* § 1498 at 516–17. Here, assuming *arguendo* that appellees, a mayor and a local political party leader, have the required identity of interests with the original defendants, the amended complaint would still not relate back because there is no evidence in the record that appellees "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." *See* Fed.R.Civ.P. 15(c)(2); 6 Wright & Miller, *supra*, § 1498 at 515. Based on the facts in this case, appellees could very well have believed that they were not named as parties in the original complaint for tactical reasons or because appellant lacked evidence of their alleged participation in the conspiracy when he filed the complaint. Thus, we find no error in the district court's ruling that appellant's claims against the appellees fail to relate back.

Appellant having failed to demonstrate that the district court erred in its rulings on the fraudulent concealment and Rule 15(c) issues, the judgment of the district court is

*Affirmed.*