627 F.2d 18
 Virginia NORTON, surviving widow of and the personal
representative of James Norton, deceased,
Plaintiff-Appellant and Cross-Appellee,
v.
INTERNATIONAL HARVESTER COMPANY and Royal Globe Insurance
Company, Defendants,
and
Ross Gear Division of TRW, Inc. and The Travelers Indemnity
Company, Defendants-Appellees and Cross-Appellants.
 Nos. 79-2424, 79-2492.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 15, 1980.
Decided July 3, 1980.
 
 Wm. A. Denny and James J. Kriva, Denny & Yanisch, Milwaukee, Wis., for plaintiff-appellant and cross-appellee.
 Donald H. Carlson, Milwaukee, Wis., Robert Frey, TRW, Inc., Cleveland, Ohio, for defendants-appellee and cross-appellants.
 Before SWYGERT, BAUER and WOOD, Circuit Judges.
 SWYGERT, Circuit Judge.
 
 
 1
 The determinative issue is whether the district court erred in its interpretation of Rule 15(c) of the Federal Rules of Civil Procedure by permitting plaintiff to amend her complaint to include additional defendants. We decide the court did err. We therefore reverse and dismiss plaintiff's appeal.
 
 
 2
 Appeals have been taken by both parties. Plaintiff Virginia Norton appeals from a judgment entered following a jury verdict in favor of defendants Ross Gear Division of TRW, Inc. and its insurer Travelers Indemnity Company (hereafter "TRW"). Her appeal is based on several evidentiary rulings made by the district court during the course of the trial which Norton contends were prejudicial to her case. TRW appeals from a pre-trial order granting Norton's motion to file an amended complaint which added TRW as a defendant in the case. Because the district court, in granting the motion to file an amended complaint, misinterpreted and thereby misapplied Rule 15(c) of the Federal Rules of Civil Procedure, we need not reach the issues raised by plaintiff in her appeal.
 
 
 3
 * Because of our disposition, the facts may be summarily stated. Plaintiff is the widow of James Norton, a truck driver who was fatally injured when, on June 5, 1973, his tractor-trailer, manufactured by International Harvester Company, collided with a Pinto automobile on Interstate I-80 near the Nevada-California state line. The collision forced both cars off the highway and down an embankment. As a result, the driver of the Pinto was killed; Norton died a few days later. No other persons were witnesses to the accident. In the course of investigating the incident, it was discovered that the levershaft of the truck's steering gear mechanism, which TRW manufactured, was severed.
 
 
 4
 On December 6, 1975 plaintiff commenced this action in a Wisconsin state court against International Harvester and its insurer Royal Globe Insurance Company, alleging that the levershaft was defective and that the defect was the cause of the accident. Subsequently, the suit was removed to federal court, and plaintiff's first amended complaint was filed in the district court on March 31, 1976. The applicable statute of limitations ran on June 5, 1976. Approximately twenty-one months later, on March 21, 1978, TRW was brought in the case as a third-party defendant by International Harvester. On September 25, 1978 the district court granted Norton's motion for leave to amend the complaint, naming TRW and its insurer as direct defendants.[1] TRW had objected to the motion on the basis of the expiration of the three-year statute of limitations. On October 5, 1978 plaintiff filed her second amended complaint, naming International Harvester and TRW as defendants and alleging separate claims against each defendant. Shortly thereafter, Norton settled her claim against International Harvester; it, however, has remained a nominal defendant in the case.
 
 
 5
 Following a two-week trial, the jury returned a special verdict in favor of TRW. In reaching that verdict, the jury found that the steering gear mechanism was not defective and that the injuries and death of plaintiff's husband were caused by his negligence. Norton contends on appeal, as she did in post-trial proceedings, that the trial court committed prejudicial error by admitting into evidence a section of the police report disclosing the opinions and conclusions of the officers who investigated the accident and also the laboratory test specimens of several levershafts made by TRW experts. TRW cross-appeals from the district court order permitting it to become a direct-party defendant.
 
 II
 
 6
 Rule 15(c) of the Federal Rules of Civil Procedure governs the relation back of amended pleadings involving new parties.[2] The rule includes three prerequisites which must be satisfied before an amendment changing the party against whom a claim is asserted relates back to the date when the original complaint was filed:
 
 
 7
 (1) the claim alleged in the amended complaint must arise out of the same occurrence set forth in the original pleadings;
 
 
 8
 (2) within the period provided by law for commencing the action against him, the party to be substituted by amendment has received such "notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and
 
 
 9
 (3) within the period provided by law for commencing the action against him, the party to be substituted by amendment knew or should have known that, but for a "mistake" concerning the identity of the proper party, the suit would have been brought against him.
 
 
 10
 Simmons v. Fenton, 480 F.2d 133, 136 (7th Cir. 1973).
 
 
 11
 A. TRW concedes that plaintiff has met the first prerequisite of Rule 15(c); both the original complaint and the second amended complaint set forth claims arising from the same "occurrence" the June 5, 1973 accident. It contends, however, that neither the second requirement relating to prejudice nor the third requirement relating to mistake has been satisfied in this case.
 
 
 12
 B. As to the second prerequisite, set forth in subsection (c)(1) of Rule 15, this court has held that prejudice within the meaning of the rule is prima facially established where a party named as an additional defendant in the amended complaint is deprived of the defense of the statute of limitations. Simmons v. Fenton, supra. Such prejudice may not come into existence, however, if the added defendant has had sufficient notice of the institution of the action, whether formal or informal, within the limitations period or if a sufficient identity of interest exists between the new defendant and the original one so that relation back would not be prejudicial. Wood v. Worachek, 618 F.2d 1225, at 1230 (7th Cir. 1980).
 
 
 13
 Having examined the record before us, we find that neither of these factors is present in this case and, accordingly, hold that the amendment of the complaint resulted in prejudice to TRW. It was not until July 6, 1976, one month and a day after the limitations statute had run, that TRW received actual notice of the suit by letter from International Harvester. Plaintiff, however, contends that TRW had sufficient notice of the commencement of her action because it conducted a visual inspection of the steering mechanism involved in this case in October 1974, approximately twenty months prior to the expiration of the applicable statute of limitations. In support of this position, plaintiff relies on a November 4, 1974 report, written by TRW and given to International Harvester, which discusses the results of the visual inspection. That report, however, contains no facts from which a conclusion could be drawn that TRW had actual notice of plaintiff's lawsuit against International Harvester, which was instituted one year later. The district court did not rely on the November 4, 1974 report as evidence of adequate notice under Rule 15 but instead found that as a result of conducting the inspection itself, TRW "had notice of a possible problem with (the) . . . steering gear." We agree with the district court insofar as the inspection may well have put TRW on notice of the incident. That type of notice, however, falls short of satisfying Rule 15(c)(1). See, e. g., Craig v. United States, 413 F.2d 854, 857-58 (9th Cir.), cert. denied, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). "The purpose of (Rule 15(c) (1)) is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation." Longbottom v. Swaby, 397 F.2d 45, 48 (5th Cir. 1968). TRW concedes that it was aware of the original complaint and the first amended complaint before the statute of limitations had run, but argues that the claims in those first two pleadings were unique to International Harvester and thus, the complaints did not satisfy the notice requirement of Rule 15(c)(1). We agree. A reading of the record shows that the initial complaints concern International Harvester's failure to use due care in the manufacturing of the truck, failure to test and inspect the steering mechanism, and failure to determine the "durability and functional ability" of the steering mechanism for its intended purpose. Both the original and amended complaints also allege that International Harvester was negligent and reckless in failing to use proper materials reasonably suited to the manufacturing of a steering mechanism. The complaint and its first amendment, however, do not allege negligence or carelessness in the manufacturing of the steering mechanism itself or name TRW as the manufacturer of the steering gear. Accordingly, we conclude that neither the initial pleadings nor the fact that TRW conducted an inspection of the gear mechanism provided TRW with sufficient notice that it might be named as a defendant in this case.
 
 
 14
 Turning to the second factor, the record does not reveal a sufficient identity of interest between International Harvester and TRW so as to ensure that TRW had had adequate notice of the suit within the three-year statute of limitations period and thus, relation back would not have been prejudicial to TRW. "The identity of interest principle is often applied where the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporations whose officers, directors, or shareholders are substantially identical and who have similar names or share office space, past and present forms of the same enterprise, or co-executors of an estate." Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 102-03 (1st Cir. 1979). For example, in Staren v. American National Bank and Trust Co. of Chicago, 529 F.2d 1257 (7th Cir. 1976), this court applied the "identity of interest" theory to allow a substitution of plaintiffs after the expiration of the applicable statute of limitations. In that case, the court held that granting plaintiffs leave to amend their complaint would not be prejudicial to defendants' case because the change in parties a corporation was substituted for its president and his business associate was "merely formal" and did not alter the facts or issues on which the action was based. Id. at 1263. Here we are presented with a different situation. International Harvester and TRW are separate entities (as the district court recognized); the record reveals no intercorporate relationship between the two companies which would show an identity of interest and, unlike Staren, the claims directed against TRW were distinct from the claims which were asserted by Norton against International Harvester. Finally, International Harvester had tendered the defense of this action to TRW during the early stages of the litigation; TRW's refusal thereof and International Harvester's filing of the third-party complaint against TRW are additional evidence that there was no identity of interest between the defendants.
 
 
 15
 We note that the district court, in granting Norton's motion to amend her complaint, concluded that the amendment would result in no prejudice to TRW in defending its case because it was already a third-party defendant and had completed substantial discovery in that capacity. We disagree with the district court's conclusion. In defending plaintiff's products liability case, TRW could not have used a substantial amount of its pre-trial preparation because that work was directed exclusively toward defending the warranty issue raised by International Harvester in its third-party complaint. Additionally, TRW's time to conduct discovery as a direct defendant was relatively short. When Norton was permitted to bring TRW in the case as a direct defendant, the trial was scheduled to begin seven weeks later, although litigation had been in progress between Norton and International Harvester for almost three years. Moreover, TRW was not present at the depositions of several experts and the police officers, which were taken prior to the time when defendant was a third-party defendant in the case. In light of these facts and the fact that the amendment deprived defendant of its statute of limitations defense, we conclude that TRW was prejudiced in maintaining its defense on the merits of the case.
 
 
 16
 C. We further hold that the amendment failed to satisfy Rule 15(c)(2), the mistake requirement. This court has recently discussed in Wood v. Worachek, supra, the meaning of the word "mistake" under Rule 15:
 
 
 17
 Rule 15(c)(2) permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake . . . . Thus, in the absence of a mistake in the identification of the proper party, it is irrelevant for the purposes of Rule 15(c)(2) whether or not the purported substitute party knew or should have known that the action would have been brought against him.
 
 
 18
 618 F.2d at 1236 (citation omitted). In this case the record contains no evidence that plaintiff made a mistake concerning the identity of TRW; rather, it speaks to the contrary. Plaintiff was notified in March 1975, prior both to the filing of her first two complaints and the expiration of the limitations statute, that TRW manufactured the steering gear mechanism; yet, she named only International Harvester and its insurer as defendants in her complaints. Moreover, plaintiff has never alleged that she made a mistake or has offered an explanation for her three-year delay in naming TRW as a defendant.
 
 
 19
 The district court, in holding that plaintiff had met the mistake requirement of Rule 15, was persuaded by Williams v. Avis Transport of Canada, Ltd., 57 F.R.D. 53, 55 (D.Nev.1972). There the court, adopting an expansive approach to Rule 15(c)(2), stated: "A mistake within the meaning of the rule exists whenever a party who may be liable for the actionable conduct alleged in the Complaint was omitted as a party defendant." That approach is inconsistent with the standard set forth by this court in Wood and accordingly, we refuse to follow it.
 
 
 20
 In conclusion, we hold that the order of the district court granting plaintiff's motion pursuant to Rule 15 was an abuse of its discretion and therefore Norton's claims against TRW are barred by the Wisconsin statute of limitations.
 
 
 21
 The order of the district court is reversed and plaintiff's appeal is dismissed.
 
 
 
 [1]
 Following the district court's certification of its September 25, 1978 order as final pursuant to 28 U.S.C. § 1292(b), TRW petitioned this court for permission to appeal from that order. On February 23, 1979 the request was denied
 
 
 [2]
 Fed.R.Civ.P. 15(c) reads:
 Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for mistake concerning the identity of the proper party, the action would have been brought against him.