Carol GARCIA and Joseph Garcia, Jr., Plaintiffs,

v.

PETER CARLTON ENTERPRISES, LTD., d/b/a Popeye's Fried Chicken; and Peter Carlton at 818 East 47th Street, Defendants.

No. 88 C 148.

United States District Court, N.D. Illinois, E.D.

July 17, 1989.

Alan Faulkner, Saul I. Ruman, Thomas A. Clements, Law Offices of Saul I. Ruman, Hammond, Ind., Jack Friedlander, Law Offices of S. David Friedlander, Calumet City, Ill., for plaintiffs.

Edward J. Szewczyk, Law Offices of Jobin & Flynn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

### I. INTRODUCTION

The plaintiffs, Carol and Joseph Garcia, have brought this diversity tort suit against the defendants, Peter Carlton Enterprises, Ltd. ("Enterprises")[1] and Peter Carlton at 818 East 47th Street, Inc. ("818 E. 47th St.").[2] The plaintiffs allege that the defendants failed to take adequate steps to protect Mrs. Garcia from an assault that occurred on January 11, 1986, in the parking lot of a Popeye's Fried Chicken restaurant operated by 818 E. 47th St. Defendant 818 E. 47th St. has brought a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] For the following reasons, the court dismisses the defendant 818 E. 47th St. with prejudice.

---

1. Incorrectly sued as Peter Carlton Enterprises, Ltd. d/b/a Popeye's Fried Chicken.

2. Incorrectly sued as Peter Carlton at 818 East 47th Street.

3. Both parties, however, have acted in a manner that effectively converts this motion to dismiss into a Rule 56 motion for summary judgment. A court may convert a Rule 12(b)(6) motion into a Rule 56 motion when "matters outside the pleadings are presented to and not excluded by the court." Fed.R.Civ.P. 12(b). In this case, the defendant supported its motion to dismiss with numerous exhibits, and the plaintiffs responded to the defendant's motion with further documentation; accordingly, the court will treat the motion as one for summary judgment. In any event, the facts set out in this opinion are uncontested unless otherwise noted.

## II. PROCEDURAL BACKGROUND

After unsuccessful settlement negotiations with Enterprises' insurer, The Travelers Companies ("Travelers"), the plaintiffs filed a complaint in this court against Enterprises on January 8, 1988. On January 9, 1988, the plaintiffs mailed copies of the complaint to Mr. William Goodall, Enterprises' registered agent, and to Mr. Thomas Lysaught, Travelers' claim representative. On January 11, 1988, the two-year statute of limitations expired. Goodall received the summons on January 12, 1988, and the plaintiffs concede that defendant Enterprises received the summons after the statute of limitations expired. *See* Plaintiffs' Memorandum in Support of Response in Opposition to Defendant's Motion to Dismiss at 5. It is unknown when Lysaught received his copy of the complaint.

On September 8, 1988, this court granted Enterprises' motion to dismiss, which alleged that the defendant owed no duty to the plaintiffs; the court also granted the plaintiffs leave to file an amended complaint. During the course of discovery, the plaintiffs learned that Peter Carlton at 818 East 47th Street, Inc. was the owner of the premises upon which the plaintiff was injured. On March 7, 1989, the court granted the plaintiffs' motion to file a second amended complaint naming 818 E. 47th St. as an additional party defendant. The plaintiffs filed their second amended complaint on March 10, 1989, serving 818 E. 47th St.'s agent (again, Mr. William Goodall), with a copy of that complaint on March 13, 1989. The court denied Enterprises' motion to dismiss (which again alleged that the defendant owed no duty to the plaintiffs) on March 24, 1989.

Defendant 818 E. 47th St. then filed this motion to dismiss, asserting that the second amended complaint adding it as a defendant does not "relate back" under Rule 15(c) to the filing of the original complaint and, therefore, is barred by the statute of limitations. The plaintiffs, on the other hand, maintain that the second amended complaint relates back to the filing of the original complaint because the plaintiffs provided the defendants' agent, William Goodall, with constructive notice of the action by mailing service prior to the expiration of the statute of limitations.

## III. ANALYSIS

Since the plaintiffs did not name 818 E. 47th St. initially, they have attempted to add this defendant under Rule 15(c), which permits an amended complaint to relate back to the original filing if certain conditions are met. Rule 15(c) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The Supreme Court has made relation back under Rule 15(c) dependent upon four factors, all of which must be satisfied:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

The Court in *Schiavone* emphasized that "[t]he linchpin [to Rule 15(c)] is notice, and notice within the limitations period." *Id.* at

31, 106 S.Ct. at 2385. In *Schiavone*, the plaintiffs timely filed libel suits[4] initially against *Fortune* magazine, describing *Fortune* in the complaints as a "foreign corporation having its principal offices at Time & Life Building, ... New York." *Id.* at 23, 106 S.Ct. at 2381. In actuality, however, *Fortune* was only a trademark and internal division of Time, Incorporated ("Time"). Therefore, when the plaintiffs mailed their complaints to Time one day after the statute of limitations had expired, Time's agent refused service because Time was not named in the complaints. The plaintiffs subsequently amended their complaints to adequately name Time, but again, the plaintiffs necessarily served these amended complaints after the expiration of the limitations period.

The Supreme Court held that even if notice could be imputed from *Fortune* to Time at the time of the initial serving (under the "identity of interests" principle, *see infra* p. 1325), neither *Fortune* nor Time received notice of the suit within the limitations period. 477 U.S. at 29, 106 S.Ct. at 2384. Moreover, the Court refused to extend the limitations period for the 120–day period allowed under Rule 4(j) for service of a timely filed complaint. *Id.* at 30–31, 106 S.Ct. at 2384–2385. The Court's analysis was consistent with prior Seventh Circuit decisions which required that a defendant have actual (as opposed to constructive) notice of litigation within the limitations period. *See, e.g., Hughes v. United States*, 701 F.2d 56, 58 (7th Cir.1982); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir.1981); *see also Williams v. United States Postal Serv.*, 873 F.2d 1069, 1073 (7th Cir.1989).

■ As the Court's holding in *Schiavone* indicates, the focal point of relation back under Rule 15(c) is not when notice is given, but when notice is "received." *Harris v. United States Dep't of Transp.*, 843 F.2d 219, 221 (5th Cir.1988). Courts have

recognized the significance of this language in cases in which plaintiffs attempted service within the limitations period, but defendants received the summons after the applicable statutes of limitations had expired. *See id.; Armendariz v. United States Postal Serv.*, No. 87 C 2849, slip op. at 1, 1987 WL 18920 (N.D.Ill. Oct. 16, 1987); *Hafferman v. Westinghouse Elec. Corp.*, 653 F.Supp. 423, 428 (D.D.C.1986). In *Hafferman*, for example, the plaintiffs filed suit against Westinghouse Elevator Corporation ("Elevator") on the last day of the limitations period, attempting service by mail that same day. The defendant received service four days later. On learning that Elevator was only an operating unit of Westinghouse Electric Corporation ("Electric"), the plaintiffs later tried to substitute Westinghouse Electric for Westinghouse Elevator, asserting that notice to Elevator constituted notice to Electric. *Id.* at 425–27. The court held that even though the plaintiffs attempted service within the limitations period, neither defendant received the notice required by *Schiavone* within the statutory period. *Id.* at 428. Therefore, Electric could not be brought into the litigation after the statute of limitations had lapsed.

■ In this case, the plaintiffs clearly have met the first of *Schiavone*'s four factors: both the original complaint and the second amended complaint set forth claims arising from the same occurrence— the January 8, 1986, assault. It is equally clear, however, that the plaintiffs have not satisfied the second and fourth factors, which require notice of the litigation within the limitations period.[5]

Like the amended complaint in *Hafferman*, the second amended complaint in this case fails to relate back to the original. Because both defendants share Mr. William Goodall as their registered agent, the court assumes (as do the parties)[6] that under the "identity of interests" principle, *see infra* p. 1325, notice to Enterprises of the suit

---

4. The litigation began as three separate suits, which later were consolidated on appeal.

5. The third factor of *Schiavone*'s test is not at issue here.

6. The defendants, at least for purposes of this motion, do not dispute that an identity of interests exists between Enterprises and 818 E. 47th St.

would constitute notice to 818 E. 47th St. William Goodall, however, did not receive notice on behalf of Enterprises prior to the running of the limitations period. Although the plaintiffs mailed the complaint on January 9, 1988, Goodall did not receive it until January 12, 1988—one day after the two-year statute of limitations expired on January 11, 1988. Therefore, even if there was an identity of interests between the defendants, since Enterprises did not receive notice of the filing until after the expiration of the limitations period, there was no proper notice that could be imputed to 818 E. 47th St. *See Schiavone*, 477 U.S. at 29, 106 S.Ct. at 2384.

The plaintiffs claim that *Schiavone* is inapplicable to the present case, asserting that defendant Enterprises received notice within the limitations period because under Rule 5(b)[7] service is complete upon mailing, and the plaintiffs mailed service to Enterprises two days before the statute of limitations had expired—January 9, 1988.[8] The plaintiffs, however, essentially ignore the plain language of Rule 15(c) and the Supreme Court's interpretation of it in *Schiavone*, since *"Schiavone* speaks to when notice is received—not to when service is attempted." *Hafferman*, 653 F.Supp. at 428; *see also Armendariz*, No. 87 C 2849, slip op. at 1 (language speaks of "receipt," not of "mailing"); *cf. Simmons v. Fenton*, 480 F.2d 133, 136–37 (7th Cir. 1973) (In a pre-*Schiavone* case the court held that Rule 15(c) was not satisfied because "actual service" was not effected within the limitations period; the defendant "could not have had notice that a suit had been filed against her until she heard about

it."). Therefore, Rule 5(b), which deals with service of process, is not relevant to determining when a defendant receives the notice required by Rule 15(c). *Cf. Schiavone*, 477 U.S. at 30–31, 106 S.Ct. at 2384–2385 (refusing to allow Rule 4(j) to temper plain meaning of Rule 15(c)).

■ The plaintiffs further argue that even if *Schiavone* does apply, the defendant 818 E. 47th St. received constructive notice of the institution of the original action; under the "identity of interests" principle, the plaintiffs apparently urge,[9] notice to Thomas Lysaught, Travelers' representative, can be imputed to the defendant 818 E. 47th St. Although it is unknown whether Lysaught received his copy of the original complaint before the statute of limitations ran, that fact is irrelevant to this decision, for even if Lysaught received notice within the statute of limitations, that notice cannot be imputed to either defendant.[10]

■ Under the "identity of interests" principle, a court may impute notice of the institution of an action against the original defendant to a subsequently named and sufficiently related defendant. *See id.* at 29, 106 S.Ct. at 2384; *see also* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1499 (Supp.1988). So long as the original defendant has notice of the institution of the action with the limitations period, an amendment that substitutes the related party after the limitations period may relate back under Rule 15(c) to the date of the filing of the original complaint. *See Schiavone*, 477 U.S. at 28, 106 S.Ct. at

---

**7.** The plaintiffs cite the rule as "5(d)," but this court assumes that they intended "5(b)."

**8.** In *Schiavone*, the plaintiffs correctly note, service was not attempted until after the statute of limitations had run. 477 U.S. at 21, 106 S.Ct. at 2379.

**9.** The plaintiffs have used the phrase "informal," rather than "constructive," notice. The two are not synonymous, since "informal" notice is still "actual" notice of the institution of the litigation, even if through unofficial means. The plaintiffs, however, do not allege that Lysaught informed 818 E. 47th St., either orally or in writing, of the institution of the action; rather,

their argument appears to be one of "constructive" notice—that is, notice to Lysaught within the statute of limitations is, by operation of law, notice to the defendant. *See infra* note 10.

**10.** The plaintiffs have requested leave to file a supplemental brief after discovery reveals when Lysaught received the complaint, if ever. Although the plaintiffs filed their response brief on May 2, 1989, as of the date of this opinion they had not filed any supplementary material relating to this issue. In any event, in light of this court's holding that notice to Lysaught cannot be imputed to 818 E. 47th St., further discovery on this issue would be unnecessary.

2383. This principle, however, is often applied when " 'the original and added parties are a parent corporation and its wholly owned subsidiary, two related corporation whose officers, directors, or shareholders are substantially identical and who have similar names or sharer office space, past and present forms of the same enterprise, or co-executors of an estate.' " *Norton v. International Harvester Co.*, 627 F.2d 18, 21 (7th Cir.1980) (*quoting Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102–03 (1st Cir.1979)).

In this case, the court cannot impute notice because Travelers and the defendant are not "substantially identical" parties. *See id.* Lysaught is an employee of Travelers, the defendants' insurer, and not of the defendant. Far from being identical, the interests between an insurer and an insured are sometimes antagonistic. *Rogatz v. Hospital Gen. San Carlos*, 89 F.R.D. 298, 300 (D.P.R.1980). Moreover, under the identity-of-interests principle, notice normally is imputed from one party to a subsequently named one. Travelers is not even a named defendant in this action.

■ Finally, the plaintiffs contend that the defendants are estopped from asserting the statute of limitations because the defendants and their insurer hid the fact that 818 E. 47th St. was an appropriate defendant until after the statute of limitations had expired by referring to the insured as "Peter Carlton Enterprises, Ltd." in settlement correspondence. Estoppel principles ordinarily apply in cases in which a defendant knowingly allows or actually misleads a plaintiff into thinking it has sued the proper entity and the defendant appears ready to defend itself, but after the statute of limitations runs the defendant suddenly claims it is not the party to be sued. *See* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1500, at 522 (1971). Representative of these cases is *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.*, 382 F.2d 103 (10th Cir.1967), on which the plaintiffs rely.

In *Travelers Indemnity*, the original defendant went so far as filing a bill of particulars and an answer to the initial complaint, only later asserting the statute of limitations when the plaintiff sought to add the proper party, the defendant's wholly-owned subsidiary, to the action. *Id.* at 106.

■ Sometimes, however, a defendant's prefiling activities may estop it from raising the statute of limitations as a defense. In *Hafferman*, for example, the court held that the defendant was estopped from asserting the statute of limitations when the defendant "rebuffed and misled" the plaintiffs' counsel, who, prior to filing the complaint, contacted three separate locations of the defendant by phone to determine the identity of the proper defendant. 653 F.Supp. at 429. One of the defendant's offices refused to cooperate and disconnected the call, while another office stated that Westinghouse Elevator was a subsidiary of Westinghouse Electric. *Id.*

■ In the present case, however, Enterprises did not mislead the plaintiffs such that 818 E. 47th St. would be estopped from asserting the statute of limitations. First, unlike the defendant in *Travelers*, Enterprises never had the opportunity to lull the plaintiffs into assuming they had sued the proper entity because Enterprises did not receive notice of this action until after the statute of limitations had lapsed. Moreover, the conduct that allegedly misled the plaintiffs was due to the activities of Lysaught, not to the activities of Enterprises, since the correspondence was between Lysaught and the plaintiffs' counsel; and this allegedly deceitful conduct stopped, by the plaintiffs' own admission, with the last of the correspondence on October 5, 1987—four months before the plaintiffs filed their original complaint.[11] Finally, unlike the plaintiffs' counsel in *Hafferman*, the plaintiffs' counsel in this case did not take any affirmative acts to determine the identity of the second (and possibly the only appropriate) defendant.

---

11. Regardless, it is doubtful that Travelers, by merely identifying Peter Carlton Enterprises, Ltd. as its insured in correspondence with the plaintiffs' attorneys, intended to mislead the plaintiffs as to the identity of the proper party to be sued.

*See id.* ("Plaintiffs' counsel was under an affirmative duty to ascertain the defendant's proper name.").[12] The plaintiffs could have determined with minimal investigation that 818 E. 47th St. was an appropriate party. *Cf. Schiavone,* 477 U.S. at 28, 106 S.Ct. at 2383;[13] *Peterson v. Instapak Corp.,* No. 86 C 3498, slip op. at 2, 1987 WL 10973 (N.D.Ill. May 6, 1987). The Illinois Corporate Index reveals that each of defendant Enterprises' Popeye's Fried Chicken locations is a separate legal entity. *See* Reply in Support of Defendant, Peter Carlton at 818 E. 47th Street, Inc.'s Rule 12(b)(6) Motion to Dismiss, Exh. 1. This court "know[s] of no equitable doctrine which rewards those who failed to do their homework." *Peterson,* slip op. at 2.

### IV.  CONCLUSION

By waiting until three days before the limitations period expired, the plaintiffs took the risk that they might not later be allowed to add a party to the complaint. Because the second amended complaint, adding 818 E. 47th St. as a defendant, does not relate back to the filing of the original complaint, the court dismisses the defendant Peter Carlton at 818 East 47th Street, Inc. with prejudice.

---

**12.** In addition to contacting the defendant's offices, the plaintiffs' counsel in *Hafferman* also contacted the District of Columbia Government Office of the Record of Deeds, to no avail.

**13.** The Court stated that a simple examination of *Fortune*'s masthead would have revealed that Time was the entity responsible for the magazine's publication.