Richard B. HENSLEY, Plaintiff,

v.

SOO–LINE RAILROAD COMPANY, and Mid–South Corporation, Defendants.

No. 88 C 5997.

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1991.

Donald A. Kurasch, Chicago, Ill., for Richard B. Hensley.

Randall V. TeWinkle, Chicago, Ill., for Soo–Line R. Co.

Thomas F. Tobin, Baker & McKenzie, Chicago, Ill., for Mid–South Corp.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

The plaintiff, Richard B. Hensley ["Hensley"], filed this action against defendants, Soo–Line Railroad Company ("Soo–Line") and Mid–South Corporation ("Mid–South") pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 ["FELA"], and the Federal Safety Appliance Act, 45 U.S.C. § 2 ["FSAA"], for damages arising out of injuries suffered on June 1, 1988. Originally, Soo–Line was the only defendant named in the complaint. On July 12, 1991, Hensley filed an amended complaint adding Mid–South Corporation as a defendant. Mid–South has brought a motion to dismiss pursuant to the Federal Rules of Civil Procedure ("Rule") 8(c) alleging that the complaint was barred by the statute of limitations. After reviewing the record, we dismiss plaintiff's complaint against Mid–South for failure to add Mid–South as a defendant before the expiration of the applicable statute of limitations period.

## BACKGROUND

On June 1, 1988, the plaintiff, employed by Soo–Line Railroad Company ("Soo–

Line") as a freight conductor, suffered injury to his right hand while attempting to couple a boxcar and caboose. Soo–Line owned the caboose. The boxcar was presumed to be owned by North Louisiana and Gulf Railroad Company ("NLG"), but in fact was owned by Mid–Louisiana Rail Corporation ("MLRC"). On July 13, 1988, plaintiff filed a complaint for damages against Soo–Line under the FELA and the FSAA. Plaintiff later amended the complaint adding NLG as defendant after discovering that the coupler on the boxcar may have been defective. NLG moved to dismiss the complaint on the grounds that all of its assets had been sold to MLRC prior to occurrence of plaintiff's injury. Plaintiff's subsequent research found that MLRC had been dissolved on May 1, 1989, and that its assets were now owned by the parent company, Mid–South. The research also turned up evidence that NLG, MLRC, and Mid–South all shared the same address and suite number in Jackson, Mississippi.

Plaintiff's counsel sent a lien letter regarding plaintiff's injury to Mid–South and MLRC on January 30, 1991. On July 12, 1991, we dismissed the complaint against NLG, allowing plaintiff leave to amend to add Mid–South as a defendant. Mid–South now moves to dismiss the complaint, alleging the Rule 8(c) affirmative defense of the statute of limitations. Mid–South states correctly that the three year statute of limitations for FELA and FSAA causes of action expired before plaintiff's amendment. Therefore, the only issue to be resolved here is whether the amendment adding Mid–South as a defendant "relates back" to the date of the original pleading under Rule 15(c).

## DISCUSSION

When faced with a defendant's motion to dismiss, the court must "take as true all facts alleged and make all reasonable inferences in the light most favorable to the plaintiff." *Ramirez v. Commonwealth Edison,* No. 87 C 9015, 1990 WL 78303 (N.D.Ill. June 4, 1990) (LEXIS, Genfed library, Dist file) (*citing Milwaukee v. Saxbe,* 546 F.2d 693, 704 (7th Cir.1976)). The facts clearly indicate that plaintiff did not amend the complaint to add Mid–South as a defendant within the limitations period. However, an amendment to change the party against whom a claim is asserted may relate back to the date of the original pleading under some limited circumstances. Fed.R.Civ.P. 15(c).[1]

■ The four prerequisites to relate back under Rule 15(c) are:

(1) The amended claim must arise out of the same occurrence as in the original pleading;

(2) The party to be substituted has received notice so as not to be prejudiced in its defense against the claim;

(3) The party to be substituted knew or should have known that, but for a mistake, the suit would have been brought against him/her; and

(4) The second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986).

■ The Supreme Court held in *Schiavone* that "[t]he linchpin [to Rule 15(c)] is notice, and notice within the limitations period." 477 U.S. at 31, 106 S.Ct. at 2385. Notice is necessary to avoid prejudice to new defendants. Case law provides that "prejudice" as used in the third requirement is "prima facially established where the added party is deprived of the defense of the statute of limitations." *Norton v. International Harvester Co.,* 627 F.2d 18, 20 (7th Cir.1980). "However, if the party

---

1. Rule 15(c) provides in pertinent part:
   Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

had notice—either formal or informal—within the limitations period ... then relation back would not be prejudicial." *Id.* at 20–21. Notice must be actual, not constructive. *Garcia v. Peter Carlton Enterprises, Ltd.,* 717 F.Supp. 1321, 1324 (N.D.Ill.1989); *see also Hughes v. United States,* 701 F.2d 56, 58 (7th Cir.1982); *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981). Thus, informal actual notice is sufficient.

■ Even if the added party did not receive actual notice, relation back may still occur if a "sufficient identity of interest exists between the new and original defendants." *Norton,* 627 F.2d at 20–21. Once sufficient identity of interest is established, notice to the original defendant is imputed to the new defendant.

■ Identity of interest is usually present in three types of situations. *Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99, 102–03 (1st Cir.1979) (*cited by Norton,* 627 F.2d at 21; *Garcia,* 717 F.Supp. at 1326). The first situation occurs when the original and added parties are a parent corporation and its wholly owned subsidiary. *Id.* The second occurs when two related corporations have substantially identical officers, directors, or shareholders *and* have similar names or share office space. *Id.* The third situation occurs when the two parties are co-executors of an estate. *Id.* In these situations, the added party is deemed to have notice vicariously through the original party and, therefore, is not prejudiced in its defense.

Circumstances other than the three stated above may nevertheless create a sufficient identity of interest. For example, in *Hicks v. Resolution Trust Corp.,* the added defendants were board members of the original defendant corporation. 738 F.Supp. 279, 287 (N.D.Ill.1990). While the board members did not directly receive notice, the corporation did. *Id.* The court held that the board members had fair notice and were not prejudiced in defending against the plaintiff's allegations. *Id.*

■ The third requirement of the *Schiavone* analysis has normally been met only in cases involving misnomers. "[R]elation back is generally allowed in order to correct a misnomer of defendant where the proper defendant is already in court and the effect is merely to correct the name under which he is sued. But a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." *Wood v. Worachek,* 618 F.2d 1225, 1229 (7th Cir.1980) (*quoting Oliefabrik v. Smith Corp.,* 22 F.R.D. 33, 36 (E.D.Wisc.1958)).

In the instant case, the claim asserted in the amended complaint arose from the same occurrence as in the original pleading. Thus, the first part of the test is easily met. The next two requirements of the *Schiavone* analysis, however, are not as simple.

This is not a case involving a misnomer. This is not a case in which the proper party was before the court but was improperly identified. Only NLG, not Mid–South, was before the court within the statute of limitations period. Mid–South, therefore, must be considered a new defendant. Even if Hensley asserts that he did not know which party was the proper defendant, the Seventh Circuit has held that Rule 15(c) "does not permit relation back where there is a lack of knowledge of the proper party." *Wood,* 618 F.2d at 1230; *Rylewicz v. Beaton Services, Ltd.,* 888 F.2d 1175, 1181 (7th Cir.1989).

■ When, as here, there is no misnomer, relation back is still possible if the added party had notice according to the second requirement of Rule 15(c). *Hicks,* 738 F.Supp. at 287. Plaintiff contends Mid–South received notice, prior to the running of the limitations period, in two ways. First, plaintiff contends Mid–South received notice when process was served upon NLG. Although NLG and Mid–South are both located at the same address and suite number, this alone is not enough to find a sufficient identity of interest between the two parties under 15(c). The similarity in addresses is insufficient because NLG and Mid–South do not share officers, directors, or shareholders. Nor do the companies have similar names. Fur-

ther, the evidence shows that NLG and Mid–South are entirely separate corporate entities.

Hensley's second contention is that Mid–South received notice through a lien letter [2] sent by plaintiff's counsel on January 30, 1991. The letter explained plaintiff's injury and requested that Mid–South's insurance company contact the plaintiff's counsel. Even though the plaintiff knew of Mid–South's ownership of the boxcar four months prior to expiration of the statute of limitations, he did not move to amend his complaint to name Mid–South until after its expiration. There is no explanation for why Mid–South was not named and properly served process during those four months.

■ It is unclear what constitutes "informal notice" under Rule 15(c). The Seventh Circuit has held that "Rule 15(c) depends on actual knowledge of the litigation." *Espinueva v. Garrett,* 895 F.2d 1164, 1167 (7th Cir.1990). Hence, any notice, whether formal or informal, is actual only when "an added defendant under Rule 15(c) . . . receives actual notice that he will be a defendant in the case." *Brenda W. v. City of Chicago,* No. 83 C 5476, 1985 WL 2197 (N.D.Ill. Aug. 1, 1985) (LEXIS, Genfed library, Dist file).

The case law is of little help in deciding when a person has notice he is a defendant. In *Wood,* the plaintiff argued that the defendant received notice because he was deposed before expiration of the limitations period. 618 F.2d at 1229. The court rejected the plaintiff's argument because the deposition only notified the defendant that a suit was pending, but not that he was a defendant in the suit. *Id.* at 1230. In *Peterson v. Sealed Air Corp.,* the court, in dictum, stated that a corporation could receive notice pursuant to Rule 15(c) "if its

president reads about the suit in the Wall Street Journal and recognizes that his firm is the right defendant." 902 F.2d 1232, 1237 (7th Cir.1990).

We find the lien letter does not provide Mid–South with adequate notice under Rule 15(c). The lien letter did not clearly notify Mid–South that it was a defendant in a pending suit. The letter merely states that plaintiff suffered an injury from one of Mid–South's assets and that Mid–South's insurance company should contact plaintiff's counsel. In fact, the body of the letter makes no mention of the suit or that Hensley is intending to amend its complaint to add Mid–South as a defendant. Accordingly, the lien letter does not constitute adequate notice under Rule 15(c).

## CONCLUSION

We conclude that Mid–South is a new defendant that was not named within the three year statute of limitations period. Further, we conclude that Mid–South did not have actual formal or informal notice of the suit before the expiration of the limitations period. Finally, we hold that Mid–South is not sufficiently connected to NLG to be considered the "same" under an identity of interest analysis. If we allow Hensley to amend his complaint to add Mid–South as a defendant, Mid–South would be deprived of his statute of limitations defense. Therefore, we conclude that Mid–South would be unduly prejudiced. Mid–South's motion to dismiss is granted with prejudice.

---

**2.** The letter states in pertinent part:

I have been retained by Richard B. Hensley to represent his interests arising out of an accident in which he was involved on June 1, 1988. I hereby claim a lien pursuant to Statute in the amount of one-third (⅓) of any amount recovered by Mr. Hensley by way of settlement or judgment.

Mr. Hensley sustained severe injuries when he was attempting to couple a [Soo Line] caboose with a [NLG] boxcar no. 5240. NLG has informed us that on June 24, 1987, it sold all of its assets, including boxcars, to [MLRC]. We understand that [MLRC] then became [Mid–South].

If you are covered by insurance for such occurrences, please turn this letter over to your insurance company. . . .