Kenneth BORDNER, et al., Plaintiffs,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

Civ. No. 91–583–D.

United States District Court,
D. New Hampshire.

Oct. 28, 1992.

Robert L. Hermann Jr., Law Offices of Robert L. Hermann, Jr., Manchester, NH, for third party defendant Betty A. Labranche Real Estate.

Scott W. LaPointe, Brown & LaPointe, Exeter, NH, for defendant John J. Gramas.

Jennifer Rood, Backus, Meyer & Solomon, Manchester, NH, for defendant FDIC.

Arthur W. Perkins, Perkins, Phillips & Waters, P.A., Concord, NH, for plaintiff Ken & Vanessa Bordner.

Linda V. Farrer, Law Offices of Edward Gage, Exeter, NH, for defendant/third party plaintiff Cynthia Gilmore Carlson.

Robert A. Casassa, Casassa & Ryan, Hampton, NH, for third party defendants Mill Ridge Real Estate Inc. and Barbara Carlton.

Craig F. Evans, Dover, NH, for third party defendants Peg Olsen & Betty A. Labranche Real Estate.

Thomas J. Pappas, Wiggin & Nourie, Manchester, NH, for third party plaintiff Architectural Innovations, Inc.

Lizabeth M. MacDonald, Law Offices of Earl L. Kalil, Jr., Portsmouth, NH, for third party defendants Sentinel Title Services, Inc. & Earl L. Kalil Jr.

## ORDER

ARENAS, United States Magistrate Judge, Sitting by Designation.

Before the Court is plaintiffs' Motion to Amend Complaint to Add Party Defendant. (Docket No. 25.) The event out of which this action is born involves a real estate closing. On March 9, 1987, a building loan closing took place between the plaintiffs, Kenneth and Vanessa Bordner and defendant Amoskeag Bank (now Federal Deposit Insurance Corporation). Present at the closing were the bank's attorney Earl L. Kalil, Jr., and Sentinel Title Services, Inc., a title insurance company that provided services to defendant.

The gist of plaintiffs' complaint is that the bank negligently conducted the building loan closing. In particular, plaintiffs contend that the bank had knowledge that the building permit required for issuance of a building loan was invalid and did not inform plaintiffs of this problem.

Suit was instituted against the defendant by Writ of Summons dated April 7, 1988. By Writ dated May 31, 1990, defendant sought contribution from Mr. Kalil and Sentinel pursuant to N.H.Rev.Stat.Ann. § 507:7-f *et seq.* The applicable statute of limitations ran on March 9, 1990. N.H.Rev.Stat.Ann. § 508:4(I.) (Supp.1991). The Federal Deposit Insurance Corporation ("FDIC") as receiver of defendant removed the case to this Court by Notice of Removal dated November 6, 1991. Plaintiffs filed the instant motion on June 11, 1992.

Plaintiffs seek to add Mr. Kalil and Sentinel as defendants pursuant to Federal Rule of Civil Procedure 15(c) as amended. Rule 15(c) provides in relevant part that:

[a]n amendment of a pleading relates back to the date of the original when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by Amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c).

At first blush, it appears that the Court could allow the amendment to the complaint to relate back if any paragraph of subdivision (c) is complied with, as the subdivision is connected in the disjunctive. However, recent amendments to the subdivision lead to a different conclusion.

Paragraph (c)(1) when read in isolation appears to have retained the statute of limitations requirement. It is only with reference to the Advisory Committee Notes for the 1991 Amendment that the true purpose of the amendment becomes clear. When referred to in the old version of subdivision (c), the applicable statute of limitations acted as an obstacle that had to be successfully hurdled before any court could grant a motion to amend a complaint to alter the parties to the action. As incorporated in the new version of subdivision (c), the Advisory Committee Notes make it clear that the applicable statute of limitations is intended to be invoked if it "affords a more forgiving principle of relation back than the one provided in subdivision (c)."

Use of the statute of limitations in this manner expands rather than restricts a plaintiff's ability to have a complaint amended, which is in harmony with the "liberal pleading practices secured by Rule 8" and the provision found in Subdivision (a) requiring leave to amend to be freely given when justice so requires. Advisory Committee's Notes on Fed.R.Civ.P. 15; Fed.R.Civ.P. 15(a); *see Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222

(1962) (the mandate found in Rule 15(a) requiring amendments to be freely given is to be heeded).

Rather than limit the notice provisions to the applicable statute of limitations, the amendment effective December 1, 1991 substituted the limitation period for service of summons and complaint found in Rule 4(m). A subsequent amendment effective February 1, 1992 changed 4(m) to 4(j). This latter amendment does not alter the limitations period but is merely a technical change. As such, the applicable statute of limitations will not necessarily preclude granting the motion to amend complaint. The exact effect of the applicable statute of limitations on the instant matter will be analyzed *infra.*

An argument could be made that meeting the requirements of paragraph (2) warrants allowance of the motion to amend complaint. Paragraph (2) requires that the claim or defense raised in the amended pleading must arise out of the same conduct, transaction or occurrence that was set forth in the original pleading. Fed. R.Civ.P. 15(c)(2). However, paragraph (3), which deals specifically with amendments that alter the parties to an action, incorporates the requirements of paragraph (2) into its own requirements, thereby providing strong incentive to invoke the provisions of paragraph (3) when dealing with an amendment seeking to add a party to an action. To do otherwise would render paragraph (3) superfluous, a result that is unquestionably contrary to the well established rules of statutory construction. Accordingly, the Court should resolve this matter by limiting its focus on the requirements found in paragraph (3).

■ The first requirement is whether the claims asserted arise out of the conduct, occurrence, or transaction set forth or attempted to be set forth in the original pleading. Plaintiffs do not specifically address this element but instead make a blanket assertion that the facts of this matter meet the requirements of Rule 15(c). Defendant makes specific reference to this element and argues (1) that plaintiffs fail to comply with this requirement and (2)

that plaintiffs should not be allowed to state that Mr. Kalil's and Sentinel's actions arose out of the same conduct.

The second contention is derived from plaintiffs' attempt in the state court proceeding to prevent the consolidation of their case with defendants' action for contribution against Mr. Kalil and Sentinel. Plaintiffs indicated in their Limited Objection to Motion to Consolidate, (Docket No. 88–C–861), dated August 10, 1990 that Amoskeag's actions against Kalil and Sentinel for contribution are "wholly unrelated to the legal theories at issue on the (Bordners') action against Amoskeag Bank." (Docket No. 26, Defendant's Objection to Motion to Amend at 4.)

This argument is not persuasive. The argument that plaintiffs' legal theories against defendant are "wholly unrelated" to defendant's legal theories against Kalil and Sentinel does not necessarily mean that the actions at issue did not arise out of the same conduct. For example, a party to a contract could act in such a way that could give rise to a claim of breach of contract and a claim of tort, e.g., tortious interference with business or contractual relations—two unrelated legal theories arising out of the same act. Furthermore, an action seeking contribution is more akin to a third-party complaint, an appendage to the main action which by its nature involves legal theories different from the legal theories in the main case yet potentially derived from the same act of occurrence. Defendant's argument aside, it is clear that the acts complained of against Mr. Kalil and Sentinel arose out of the same occurrence, the closing of March 9, 1987. The first element of paragraph (3) is met.

■ The second requirement, divided into two parts and connected in the conjunctive, requires that the putative defendants receive notice of the action within the 120 days period for service of the summons and complaint pursuant to Rule 4(j). Of particular significance is the second part of this requirement that states that but for a mistake concerning the identity of the proper parties, the putative defendant knew or

should have known that the action would have been brought against them.

■ In order to meet this requirement, there must be a mistake made as to the identity of the proper party; failure to bring suit against an individual due to a lack of evidence will not suffice. *Torres Ramirez v. Bermudez Garcia*, 898 F.2d 224 (1st Cir.1990) (citation omitted). Plaintiffs have indicated, as pointed out by defendant, that a "full understanding of Kalil's and Sentinel's involvement in this matter was not appreciatively known until such time of Kalil's answers to interrogatories and subsequent deposition...." (Docket No. 25, Plaintiffs' Motion to Amend Complaint at 2.)

■ By stating that there was not a *full* understanding implies that there was at least some knowledge that Mr. Kalil and Sentinel were involved prior to the propounding of the interrogatories and taking of the deposition. Plaintiffs' own Exhibit 7 verifies that plaintiffs had knowledge of Sentinel's involvement as the defendant gave plaintiffs written notice detailing Sentinel's involvement in the closing. This notice was signed by Kenneth Bordner on December 10, 1986 well before the closing. (Docket No. 25, Plaintiffs' Motion to Amend Complaint, Exhibit 7.)

As for Mr. Kalil, the Court finds any argument, that plaintiffs did not appreciatively know of Mr. Kalil's involvement taxes credulity, as a residential real estate closing does not involve countless individuals, many of whom would fail to disclose their identity or purpose for attending the closing. Moreover, it is incredulous that the attorney contracted by the defendant to handle the real estate closing on behalf of the defendant could possibly hide his identity and purpose to such an extent that plaintiffs could not appreciatively know of his role in the closing.

Even if the Court were to conclude that both putative defendants had actual notice of this action, the Court still could not find that this requirement has been met. Both Mr. Kalil and Sentinel could easily have believed that they were "not named in the action 'for tactical reasons or because

[plaintiff[s]] lacked evidence ... when [they] filed the complaint'" *Torres Ramirez v. Bermúdez Garcia*, 898 F.2d at 229 (quoting *Hernandez Jiménez v. Calero Toledo*, 604 F.2d 99 (1st Cir.1979)). Plaintiffs have not met their burden to establish that there was a mistake in identity and thus have not met the second requirement of paragraph (3). The Court must now determine whether there is still time in which plaintiffs may serve Mr. Kalil and Sentinel in order to meet the second requirement of paragraph (3).

The state court action was removed to this Court on November 6, 1991. Plaintiffs' Motion to Amend Complaint was filed on June 11, 1992. More than 120 days have passed since the case came before this Court. As the 120 day period has lapsed, plaintiffs are now time barred from meeting the second requirement of paragraph (3). Although the Court is empowered to extend the 120 day time limit, the Court finds, based on the above discussion, that an extension would not be justified. Attention will now be refocused on the applicable statute of limitations that could provide a means for allowing this motion to add Mr. Kalil and Sentinel as party defendants.

The applicable statute of limitations, N.H.Rev.Stat.Ann. § 508:4(I), provides that:

[e]xcept as otherwise provided by law, all personal actions, except for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

N.H.Rev.Stat.Ann. § 508:4(I) (Supp.1991). That plaintiffs have not brought an action against Mr. Kalil and Sentinel within three years of the closing is clear. What must be determined is whether the acts or omis-

sions complained of could not reasonably have been discovered at the time of the acts or omissions or whether plaintiffs, by exercising reasonable diligence, should have discovered the causal relationship between the acts or omissions and the alleged injury.

Plaintiffs instituted suit against defendant on April 7, 1988. *See* Docket No. 1, Exhibit A. The Court will make short shrift of this issue. There has not been any argument advanced by plaintiffs that would explain why a reasonably diligent search would not have uncovered the entire involvement of Mr. Kalil and Sentinel. As to Sentinel, there is written documentation that plaintiffs were informed of Sentinel's involvement well before the actual closing took place. Mr. Kalil handled the closing for the defendant. His involvement would have been readily ascertainable with a mere modicum of effort. For these reasons, the Court finds that plaintiffs can not invoke the discovery exception to the statute of limitations.

For the foregoing reasons, plaintiffs' Motion to Amend Complaint to Add Party Defendant is denied.